IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IVETTE CONTRERAS, on behalf of herself and all others similarly situated | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO: 5:18-cv-976 |
| vs. | § § | |
| REMCO INSURANCE AGENCIES, INC Defendant. | § § § | |

## **COMPLAINT**

*[Jury Trial Demanded]*

Plaintiff Ivette Contreras, on behalf of herself and all others similarly situated for her Complaint against Remco Insurance Agencies, Inc. states and alleges as follows:

### SUMMARY

1.     Remco Insurance Agencies, Inc. (hereinafter "Remco" or "Defendant") required and/or permitted Plaintiff Ivette Contreras, opt-in Plaintiff, and all other similarly situated employees (hereinafter "Plaintiffs") to work in excess of forty hours per week but refused to compensate them properly for such hours.

2.     Defendant's conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work.  *See*, 29 U.S.C. § 207(a).

3.     Plaintiffs are FLSA non-exempt workers who have been denied overtime pay required by law, for which they now seek recovery.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, Et. Seq., 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

5.    Venue is proper in the Western District of Texas because Defendant engages in business here.

## THE PARTIES

6.    Defendant Remco Insurance Agencies, Inc. is a domestic corporation with its principle place of business in Houston, Texas.   Service of process may be had on Defendant through its registered agent:  Rahim Peerbhai at 2700 S Interstate 35, Austin, Texas 78704 or wherever he may be found.

7.    Plaintiff Ivette Contreras is a resident of Texas.

8.    Opt-in Plaintiff Elva Avila is a resident of Texas. Ms. Avila's written Consent to Join this action is attached as Exhibit "A."

9.    The Class Members are Defendant's insurance agents and customer service representatives who at any time during the three-year time period immediately preceding the filing of this suit have not been compensated at the overtime premium rate for all hours worked in excess of 40 hours per week and Defendant's employees who had $70 or more per day improperly deducted from their compensation for missed days of work.

## COVERAGE

10.    Defendant Remco Insurance Agencies, Inc. is an enterprise that engages in commerce or in the production of goods for commerce.

11.    Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiffs.

12.    Accordingly, Defendant is both a covered "enterprise" and an "employer" under the FLSA.

13.    Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

14.    In furtherance of Defendant's business, Defendant's employees handled, sold or otherwise utilized goods and materials and handled equipment that had been moved in or produced for such commerce, thus affording them the protections of the FLSA.

## REPRESENTATIVE ACTION ALLEGATIONS

15.    Plaintiff has actual knowledge that other Class Members, in addition to the opt-in Plaintiff, have been denied overtime pay for hours worked over forty hours in a workweek.

16.    This Complaint may be brought and maintained as an "opt-in" collective action, pursuant to 29 U.S.C. § 216(b), for all claims asserted by the Representative Plaintiff because his claims are similar to the claims of the Class Members of the representative action.

17.    The names and addresses of the putative members of this representative action are available from Defendant.  To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

18.    Although Defendant has suffered, permitted, and/ or required Plaintiff and Class Members to work in excess of forty hours per week, Defendant has denied them full compensation for their hours worked over forty.

19.    Plaintiff, opt-in Plaintiff, and Class Members perform/performed the same or

similar work.

20.     Class Members are similar to Plaintiff in terms of pay structures and the denial of overtime pay and/or untimely payment of wages.

21.     Defendant's failure to pay all or part of overtime compensation at the rates required by the FLSA or failure to tender pay checks resulted from a single decision, policy or plan and does not depend on the personal circumstances of the Class Members.

22.     Plaintiff's experiences are typical of the experiences of the Class Members.

23.     The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

24.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

25.     Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

26.     The class of similarly situated plaintiffs is properly defined as follows:

**a. All of Defendant's insurance agents and customer service representatives who at any time during the three-year time period immediately preceding the filing of this suit have not been compensated at the overtime premium rate for all hours worked in excess of 40 hours per week and Defendant's employees who had $70 or more per day improperly deducted from their compensation for missed days of work.**

### FACTUAL ALLEGATIONS

27.     Defendant is an insurance company that specializes in personal and business insurance across Texas.

28.     Plaintiff Contreras began working for Defendant on or about March 27, 2018 as a salary paid insurance agent and continued employment with Defendant through on or about September 5, 2018.

29.    Opt-in Plaintiff Avila began working for Defendant on or about August 22, 2018 as an hourly paid customer service representative and continued employment with Defendant through on or about September 5, 2018

30.    Plaintiff and opt-in Plaintiff approximate that they each worked on average of 50 hours or more per week for Defendant.

31.    Defendant compensated Plaintiff her flat salary for all hours worked, regardless of the fact that she routinely worked overtime, and no exemption applied.

32.    Defendant compensated opt-in Plaintiff her straight time hourly rate for all hours worked, regardless of the fact that she routinely worked overtime.

33.    Plaintiff and opt-in Plaintiff did not receive overtime compensation for hours exceeding forty in a workweek in violation of the FLSA.

34.    Defendant also would routinely deduct $70.00 per day from an employee's compensation for each day of work missed due to illness. This plan applied equally to all employees, regardless of whether the employee was an hourly or salaried employee.

35.    In addition to Defendant's failure to pay overtime compensation to Plaintiff, opt-in Plaintiff, and Class Members, Defendant failed to pay Plaintiff and opt-in Plaintiff each their final paychecks.

**CAUSES OF ACTION**
**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**
**OVERTIME**

36.    Plaintiff incorporates all allegations contained in paragraphs 1 - 34.

37.    At all relevant times Plaintiff, opt-in Plaintiff, and Class Members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et

seq.

38.     Defendant's failure to pay overtime compensation to Plaintiff and Class Members violates the FLSA.

39.     Plaintiff, opt-in Plaintiff, and Class Members are not exempt from the right to receive the appropriate overtime pay under the FLSA.

40.     As a result of Defendant's failure to compensate its employees, including Plaintiff, opt-in Plaintiff, and Class Members, Defendant has violated—and continues to violate—the FLSA, 29 U.S.C. §§ 206(a)(1)(C) and 207(a)(1).

41.     Accordingly, Plaintiff, opt-in Plaintiff, and Class Members are entitled to complete compensation for hours worked.

42.     Additionally, Plaintiff, opt-in Plaintiff, and Class Members are entitled to an amount equal to their unpaid overtime wages, liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216(b).

43.     Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff, opt-in Plaintiff, and Class Members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages described pursuant to 29 U.S.C. § 216(b).

44.     Alternatively, should the Court find Defendant acted in good faith and that it had reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

45.     Plaintiff, opt-in Plaintiff, and Class Members are entitled to have the limitations period extended to three years because Defendant's actions were willful.  29 U.S.C. § 216(b).

46.     WHEREFORE, Plaintiff demands judgment against Defendant plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

## COUNT II
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## (MINIMUM WAGE)

47.     Plaintiff incorporates all allegations contained in paragraphs 1-30 & 35.

48.     At all relevant times Plaintiff and opt-in Plaintiff have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

49.     Defendant's failure to pay compensation to Plaintiff and opt-in Plaintiff violates the FLSA.

50.     Plaintiff and opt-in Plaintiff are not exempt from the right to receive the appropriate minimum wage or overtime pay under the FLSA.

51.     As a result of Defendant's failure to compensate its employees, including Plaintiff and opt-in Plaintiff, Defendant has violated—and continues to violate—the FLSA, 29 U.S.C. §§ 206(a)(1)(C).

52.     Accordingly, Plaintiff and opt-in Plaintiff are entitled to complete compensation for hours worked.

53.     Additionally, Plaintiff and opt-in Plaintiff are entitled to an amount equal to unpaid wages, liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by 29 U.S.C. § 216(b).

54.     Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and opt-in Plaintiff are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described pursuant to 29 U.S.C. § 216(b).

55.     Alternatively, should the Court find Defendant acted in good faith and that it had reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, Plaintiff and opt-in Plaintiff are entitled to an award of prejudgment interest at the applicable legal rate.

56.     Plaintiff and opt-in Plaintiff are entitled to have the limitations period extended to three years because Defendant's actions were willful.  29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendant for Plaintiff and opt-in Plaintiff plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

## COUNT III
## BREACH OF CONTRACT

57.     Plaintiff and opt-in Plaintiff reavers and realleges the preceding paragraphs.

58.     Defendant entered into a contract to pay Plaintiff and opt-in Plaintiff's wages for services performed.

59.     Plaintiff and opt-in Plaintiff have been damaged as a result of Defendant's failure to pay the agreed upon wages.

WHEREFORE, Plaintiff demands judgment against Defendant for Plaintiff and opt-in Plaintiff's unpaid wages, interest, attorney's fees and costs pursuant to Texas Civil Practices and Remedies Code §38.001 and such other remedies as the court deems just and appropriate.

## COUNT IV
## UNJUST ENRICHMENT

60.     Plaintiff reavers and realleges the preceding paragraphs.

61.     Plaintiff and opt-in Plaintiff conferred a benefit on Defendant when Plaintiff and opt-in Plaintiff each completed the job for the benefit of Defendant.

62.    Defendant had knowledge of the benefit Plaintiff and opt-in Plaintiff each conferred upon it, accepted the benefit conferred by Plaintiff and opt-in Plaintiff and has failed to pay Plaintiff and opt-in Plaintiff.

63.    The circumstances are such that it would be inequitable for the Defendant to retain the benefit without paying the Plaintiff and opt-in Plaintiff the compensation owed.

WHEREFORE, Plaintiff demands judgment against Defendant for Plaintiff and opt-in Plaintiff's actual damages and costs in addition to attorney's fees and costs pursuant to Texas Civil Practices and Remedies Code §38.001.

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in her favor awarding him and Class Members:

1.    overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one-half times their regular rate;

2.    appropriate compensation to Plaintiff and opt-in Plaintiff for all unpaid hours worked;

3.    an equal amount as liquidated damages as allowed under the FLSA;

4.    damages accrued up to three years;

5.    reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA and Texas Civil Practices and Remedies Code §38.001;

6.    pre-judgment and post judgment interest at the highest rates allowed by law; and

7.    such other relief as to which Plaintiff, opt-in Plaintiff, and Class Members may be entitled.

Respectfully submitted,

**GOLDBERG & LOREN, PA**
By: /s/ James M. Loren, Esq.
**James M. Loren**
**Attorney-in-charge**
FL Bar No.: 55409
George Z. Goldberg
FL Bar No. 031186
Rachael Rustmann
TX Bar No. 24073653
3102 Maple Ave, Suite 450
Dallas, Texas 75201
Main Phone:    800-719-1617
Facsimile:       (954) 585-4886
jloren@lorenlaw.com
rrustmann@goldbergloren.com
ggoldberg@goldbergdohan.com
*Attorneys for Plaintiff*